## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRADLEY ALLEN LAKE

     Plaintiff,

     v.

     Case No. 22-2441-DDC-ADM

UNITED STATES OF AMERICA,

     Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION

     Pro se plaintiff Bradley Allen Lake brings suit against the United States of America, seeking damages arising from the loss of his real and personal property.  From what the court can glean from Lake's complaint and attachments thereto, it appears that the District Court of Johnson County, Kansas, issued a domestic temporary restraining order ("TRO") requiring Lake to vacate his house so that his ex-girlfriend and co-owner could live there; and, when the co-owner failed to make mortgage payments, the mortgage lender foreclosed.  (ECF 1.)  When Lake filed his complaint, he also filed a Motion to Proceed In Forma Pauperis ("IFP").  (ECF 3.)  As discussed in further detail below, the court grants Lake leave to proceed IFP but recommends that the district judge dismiss his complaint for failure to state a claim upon which relief may be granted.

## I.   LAKE MAY PROCEED IFP.

     Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the

district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The court has carefully reviewed the financial affidavit Lake provided in support of his motion, and the court finds that Lake is unable to pay the filing fee required to commence this civil action. The court therefore waives the filing fee and grants Lake leave to proceed IFP.

## II.     THE COURT RECOMMENDS DISMISSING LAKE'S COMPLAINT.

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Lake is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  In doing so, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Lake purports to bring his claims under the provision of the Fourteenth Amendment that prohibits "taking of property's [sic]."  (ECF 1, at 3.)  Specifically, the Fourteenth Amendment "restrains the states, from depriving any person of life, liberty, or property without due process of law."  *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989).  Lake, however, does not sue a state.  Rather, he names only the United States as a defendant.  Although the Fifth Amendment imposes a corresponding "taking" restraint on the United States, Lake's complaint does not allege any action taken by the United States.  Lake has therefore failed to state a takings claim because he has made no factual allegations against the United States.

 Reading Lake's complaint broadly, the court could construe it as asserting that Kansas/Johnson County unconstitutionally "took" Lake's property when the District Court of Johnson County issued the TRO.  To that end, Lake alleges that the TRO "led to taking of [Lake's] home and property."  (ECF 1, at 3.)  But even if the court were to allow Lake to amend his complaint to name Johnson County as a defendant, Lake's claim would still fail.  Lake's complaint does not explain how the issuance of the TRO could be construed as a taking under the Fourteenth Amendment.  Instead, the documents attached to the complaint indicate that the property may have been foreclosed on (*i.e.,* "taken") by LeaderOne Financial Corporation, which is not a state actor.

In short, the court cannot construe Lake's complaint in any manner that asserts a claim upon which relief may be granted, and granting Lake leave to amend would be futile.  For these reasons, the court recommends that the district judge dismiss Lake's complaint.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Lake may file written objections to this report and recommendation within fourteen days after being served with a copy.  If Lake fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Lake's Motion to Proceed In Forma Pauperis (ECF 3) is granted.

**IT IS FURTHER RECOMMENDED** that Lake's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to Lake via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated November 4, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge