IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY ALLEN LAKE,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 22-2441-DDC-ADM

**MEMORANDUM AND ORDER**

Pro se plaintiff Bradley Allen Lake[1] filed this lawsuit against the United States of America. Doc. 1. Although difficult to discern, plaintiff asserts claims for constitutional violations based on an alleged "taking" of his real and personal property. *Id.* at 3. With his Complaint, plaintiff also filed a Motion for Leave to Proceed in forma pauperis. Doc. 3. On November 7, 2022, Magistrate Judge Angel D. Mitchell issued an Order Granting Motion for Leave to Proceed In Forma Pauperis and Report and Recommendation. Doc. 5. Judge Mitchell's Order granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915. *Id.* at 1–2. Then, Judge Mitchell screened plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* at 2.

After screening, Judge Mitchell concluded that plaintiff's Complaint fails to state a claim against the United States for an unconstitutional "taking" because plaintiff's Complaint "does not allege any action taken by the United States." *Id.* at 3. Instead, plaintiff alleges an unconstitutional "taking" arising from a Temporary Restraining Order (TRO) issued by the

---

[1] Because plaintiff proceeds pro se, the court construes his filing liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

District Court of Johnson County, Kansas.  *Id.*  Judge Mitchell explained that—even if the court reads plaintiff's Complaint broadly as one asserting a claim for an unlawful taking against Johnson County—plaintiff's claims still fail because he never alleges "how the issuance of a TRO could be construed as a taking under the Fourteenth Amendment."  *Id.*  Also, Judge Mitchell noted that the documents plaintiff attaches to his Complaint suggest that LeaderOne Financial Corporation foreclosed on plaintiff's property.  *Id.*  Plaintiff hasn't alleged that LeaderOne Financial Corporation is a state actor, and thus he hasn't stated a plausible claim against it under the Fourteenth Amendment.  *Id.*  For all these reasons, Judge Mitchell concluded that plaintiff's Complaint fails to state a claim upon which relief may be granted.  *Id.* at 4.  Also, she found it was futile to grant plaintiff leave to amend.  *Id.*  So, she recommended that the district court dismiss plaintiff's Complaint for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id.*

Judge Mitchell's Order explained to plaintiff that he "may file written objections to this report and recommendation within fourteen days after being served with a copy."  *Id.*  Also, it warned plaintiff that if he "fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court."  *Id.* (citing *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000)).

The Clerk of the Court mailed a copy of Judge Mitchell's Report and Recommendation to plaintiff both by regular and certified mail.  *See* Doc. 5 (noting that Order was "[m]ailed to pro se party Bradley Allen Lake by regular mail"); *see also* Nov. 8, 2022 Docket Entry (reciting that the Report and Recommendation was "mailed to Bradley Allen Lake on 11/8/2022 by certified mail; Certified Tracking Number 7020 3160 0000 9283").  A certified mail receipt was returned

showing the United States Post Office had completed the certified mail delivery on November 17, 2022. Doc. 7.

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on November 8, 2022, when the Clerk mailed by certified mail the Report and Recommendation to plaintiff at his last known address of record. The time for plaintiff to file an Objection to the Report and Recommendation thus expired on November 22, 2022.

Because plaintiff has filed no objection to the Report and Recommendation within the time prescribed, and because he has sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Also, the court has reviewed Judge Mitchell's Report and Recommendation. The court agrees with all her conclusions. Plaintiff's Complaint, even when given the most liberal construction, fails to state a plausible claim for relief. The court thus adopts Judge Mitchell's recommendation that the district court dismiss this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED THAT**, after reviewing the file de novo, the Report and Recommendation issued by United States Magistrate Judge Angel D. Mitchell on November 7, 2022 (Doc. 5) is **ACCEPTED, ADOPTED, and AFFIRMED**. The court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii) but without prejudice.

**IT IS SO ORDERED.**

**Dated this 5th day of December, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**